By the Court.
The court has before it for consideration but one question ,* that is not one of governmental policy, but only one of the power of the Controlling Board to grant or to consider the matter of transferring moneys from items specified in the appropriation bill, for which appropriation of moneys has been made, to items for which no moneys have been appropriated by reason of the veto of such items by the Governor.
It is provided by Section 16, Article II of the Constitution that ‘ ‘ The governor may disapprove any item or items in any bill making an appropriation of money *131 and the item or items, so disapproved, shall be void, unless repassed in the manner herein prescribed for the repassage of a bill. ’ ’ The manner of the repassage of a bill, notwithstanding the Governor’s veto, prescribed in Section 16 of Article II is as follows: “If three-fifths of the members elected to that house vote to repass the bill, it shall be sent, with the objections of the governor, to the other house, which may also reconsider the vote on its passage. If three-fifths of the members elected to that house vote to repass it, it shall become a law notwithstanding the objections of the governor, except that in no case shall a bill be repassed by a smaller vote than is required by the constitution on its original passage.”
The Governor, pursuant to the authority thus vested in him by the state Constitution, expressly disapproved certain items of the appropriation of money made to the relator, the Public Utilities Commission. Under the clear and specific provisions of the Constitution, the items so disapproved became void unless repassed in the manner prescribed by the state Constitution. That has not been done. Hence, the items disapproved by the Governor are void.
The provisions of Section 4 of the Appropriation Act authorizing the Controlling Board “to transfer to new classification items in cases where proper code items have not been provided by the legislature” can have no application here for the reason that such code items were provided by the Legislature, but were vetoed by the Governor. Under the law, as approved by the Governor and filed in the office of the Secretary of State, there is no appropriation for the items to which transfers are sought to be made. The veto of the Governor entirely and absolutely removed them. There are no such items left in the bill. If the transfers requested were made, that would be tantamount to the enactment of an appropriation by the Controlling Board. If Section 4 of the Appropriation Act were- *132 construed otherwise than as above indicated, that section would thereby be rendered unconstitutional, for it would result in overriding the Governor’s constitutional right of veto by a board created by the Legislature.
The Legislature itself can override the Governor’s veto only by a vote of three-fifths of the members elected to each house of the General Assembly. The Controlling Board, of course, has no such power. The Legislature is powerless to confer on any administrative board authority that would result in thwarting or circumventing the veto power of the Governor.
The demurrer to the petition is sustained, and relator not desiring to plead further, a writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.